SAMUEL GLASS, Respondent, *v.* W. S. HOLDING Co., INC., Appellant.

First Department, December 8, 1933.

*Robert H. Charlton* of counsel [*Arthur L. Burchell* with him on the brief; *Robert H. Charlton,* attorney], for the appellant.

*Arthur L. Obre* of counsel [*Robert R. Bauman* with him on the brief; *Charles V. Paganelli,* attorney], for the respondent.

TOWNLEY, J. Plaintiff sues to recover for injuries suffered as a result of falling down an elevator shaft in premises owned by the defendant. The defendant rested on plaintiff's case and moved to dismiss on the ground that the plaintiff had failed to establish the defendant's negligence or his own freedom from contributory negligence.

The defendant is the owner of a five-story structure at 225 East One Hundred and Twentieth street. The building is leased out to various tenants. The building was equipped with a freight elevator which opened directly on the street. The occupant of the fourth floor, The Harlem Card and Paper Company, was moving. The plaintiff was employed by that firm to aid in the moving. He visited the building for the first time on the morning of the accident. He entered the elevator from the street side and went up to the fourth floor. He did not open the inner doors on the ground floor, which floor was occupied by Rothman, Best & Co. In the afternoon

he returned to the premises and found the door on the street side locked and he was unable to get into the elevator. He then went into the Rothman premises and was led by Rothman through the premises to the elevator door. The door was closed with a bar. Rothman took the bar off and opened the door. The shaft was dark. Rothman signaled to the plaintiff to go in. He saw no light but he thought that what he did see looked like the floor of the elevator. No light had been maintained in the elevator when the plaintiff was operating it in the morning. Plaintiff put his foot in the shaft and felt what he thought was the floor. He took another step and fell a story and a half to the bottom.

Subdivision 1-b of section 257 of the Labor Law provides that in every factory proper lighting shall be provided during working hours for " all elevator cars and entrances." It is urged that failure to have a light in the elevator and at the entrance to this elevator was the cause of the accident.

As for the need for a light at the entrance, it seems clear from the record that the entrance to the elevator in the Rothman premises was wholly under the control of Rothman and was not an entrance used in common or by more than one occupant as defined in section 316 of the Labor Law.

As for the second point, concerning the need for light in the elevator, it was not satisfactorily established that the building was a tenant factory within the meaning of the Labor Law. However, even assuming that the building was of such a nature that there was a statutory duty to maintain a light in the elevator, the elevator was not at the floor at all and the presence or absence of the light was immaterial. The proximate cause of this accident was the careless opening of the door by Rothman. He opened it, although he was in complete ignorance whether the elevator was on that floor or not.

The judgment should be reversed, with costs, and the complaint dismissed on the merits, with costs.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.